IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELISSA D. JONES                                                                    PLAINTIFF

      v.                                              CIVIL NO. 13-3088

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

### MEMORANDUM OPINION

      Plaintiff, Melissa Jones, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. §405(g).

**I. Procedural Background**

      Plaintiff protectively filed her application for DIB and SSI on May 26, 2011, alleging an inability to work since November 4, 2010, due to fibromyalgia, anxiety, depression, and "pain all over." (Tr. 11, 41, 167, 182). For DIB purposes, Plaintiff's date last insured is September 30, 2014. (Tr. 13, 163). Plaintiff's claim was denied initially and on reconsideration. An administrative hearing was held on April 27, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 30-75).

At the time of the administrative hearing, Plaintiff was forty-two years of age and possessed a high school education. (Tr. 22). Plaintiff had past relevant work ("PRW") experience as a hotel clerk, appointment clerk/front desk receptionist, billing clerk, casino booth cashier, and general office clerk. (Tr. 22, 66-67).

By a written decision dated August 8, 2012, the Administrative Law Judge ("ALJ") determined Plaintiff had the following severe impairments: hypertension, obesity, and depression. (Tr. 13). After reviewing all of the evidence presented, however, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments. (Tr. 16-17). The ALJ found Plaintiff retained the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except that she would need to have the option to stand 25 percent of the time and can only do jobs with simple tasks and simple instructions." (T. 17). With the help of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her PRW, but could perform the requirements of representative occupations such as charge account clerk, address clerk, and inspector/checker/sorter. (Tr. 22-24). The ALJ then found that Plaintiff had not been under a disability during the relevant time period. (Tr. 24).

Plaintiff requested a review of the hearing decision by the Appeals Council on August 17, 2012, which denied that request on August 9, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeals briefs, and the case is ready for decision. (Doc. 11, 12).

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic

3

techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**III. Discussion**

Plaintiff argues the ALJ erred (1) by not finding her pain was a severe impairment, and (2) by improperly weighting two physician opinions in determining her RFC. (Pl. Br. 12, 15).

**A. Severe Impairments**

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987)(O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987)(adopting Justice O'Connor's language). It is the claimant's burden to establish her impairment or combination of impairments are severe. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Plaintiff believes the ALJ did not properly consider the severity of her pain symptoms and how they affected her ability to work. She argues, "there clearly exists chronic pain symptoms that share qualities of fibromyalgia that, while not necessarily meeting the Secretary's defining criteria for fibromyalgia, are nonetheless clearly severe." (Pl. Br. 12). Plaintiff also believes the ALJ failed to consider her pain in combination with her severe impairments. (Pl. Br. 14).

The ALJ's decision considered all of Plaintiff's conditions, and he discussed Plaintiff's pain in detail. (Tr. 13-16, 20). The ALJ determined Plaintiff's pain did not meet the criteria for medically determinable fibromyalgia, in light of the criteria established in SSR 12-2p.[1] (Tr. 14). The ALJ first noted "the medical records did not show tests finding 11 positive tender points," which is required under the first set of criteria for fibromyalgia. (Tr. 14). The ALJ then explained Plaintiff had "a long history of widespread pain" and she showed "repeated manifestations of six or more fibromyalgia symptoms, signs or co-occurring conditions," but concluded she did not meet the alternative criteria for fibromyalgia because "doctors did not exclude other disorders that could have caused fibromyalgia symptoms, signs or co-occurring conditions." (Tr. 14-15).

Social Security Rulings are "binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). Although SSA rulings are not binding on this Court, the rulings are accorded deference. *See e.g., Astrue v. Capato*, 132 S. Ct. 2021, 2026 (2012); *Jones*

---

[1] SSR 12-2p is a 2012 ruling by the Commissioner that clarifies the evaluation of fibromyalgia for disability determinations. SSR 12-2p uses two sets of criteria for diagnosing fibromyalgia—the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia and the 2010 ACR Preliminary Diagnostic Criteria. Both sets of the criteria generally require that the claimant demonstrate: (1) a history of widespread pain; (2) tender points or other manifestations of fibromyalgia symptoms; and (3) evidence that other disorders, which could cause the symptoms have been ruled out.

*v. Barnhart*, 335 F.3d 697, 703-04 (8th Cir. 2003). Since there is no evidence in the record, nor allegations by Plaintiff, to establish that SSR 12-2p is plainly erroneous or inconsistent with the Act, the Court defers to the agency's ruling. Here, the ALJ summarized the medical evidence and applied SSR 12-2p to correctly determine Plaintiff's pain was not a severe impairment.

While the ALJ concluded Plaintiff's pain did meet the criteria required for it to be a severe impairment, he discussed her pain again at step four and noted:

> "even though fibromyalgia has not been established as a medically determinable impairment, her subjective complains must still be considered. Furthermore, the claimant's pain is also considered in light of her obesity diagnosis since obesity often exacerbates symptoms such as pain." (Tr. 18).

This discussion, along with ALJ's language at step two and step three that he must consider all of Plaintiff's impairments in combination, demonstrates the ALJ considered the combined effect of her impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

Accordingly, the Court finds there was substantial evidence to support the ALJ's step two determination.

**B. Residual Functional Capacity:**

RFC is the most a person can do despite that person's limitations and is assessed using all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393. F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404. 1545(a)(3). A "claimant's RFC is a medical

question, therefore, an ALJ's RFC determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is required to set forth with specifics a claimant's limitations and to determine how those limitations affect a claimant's RFC. *Id*.

Plaintiff argues the ALJ failed to properly consider the opinions of Dr. Shannon Brownfield and Dr. Robert Hudson. (Pl. Br. 15).

Dr. Brownfield, a state physician, completed a consultative physical examination on August 19, 2011. (Tr. 321-325). Dr. Brownfield diagnosed moderate to severe fibromyalgia, knee/hip pain, depression/anxiety, and obesity. (Tr. 325). He opined Plaintiff's pain caused moderate to severe global limitations, moderate limitations staying in a prolonged position, and moderate to severe limitations in her ability to lift, kneel, and carry. (Tr. 325). The ALJ gave Dr. Brownfield's opinion limited weight because he did not test for fibromyalgia, failed to exclude other conditions, and based his diagnoses on Plaintiff's self-reported medical history. (Tr. 21). The ALJ also found Dr. Brownfield's opinion to be internally inconsistent for two reasons. First, he diagnosed depression and anxiety, but did not note any specific mental limitations. Second, Dr. Brownfield noted Plaintiff's condition improved with Neurontin and Lyrica, but did not account for Plaintiff's medications in his opinion about Plaintiff's limitations. (Tr. 21).

Dr. Brownfield's opinions were reasonably discounted because they consisted of conclusory statements, the limitations he assessed were not defined in useful terms, and his report was not supported by diagnostic tests. *See Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007). The Court also notes there were inherent inconsistencies with Dr. Brownfield's report.

AO72A
(Rev. 8/82)

For instance, Dr. Brownfield opined Plaintiff's shoulder, wrist, hands, and elbow ranges of motion were normal, her muscle strength was normal, and she could perform all limb functions except squat and rise from a squatting position, but concluded Plaintiff's abilities to lift, kneel, and carry were significantly limited. The Court finds the ALJ treatment of Dr. Brownfield's opinion was appropriate.

As for Dr. Hudson's opinion, the ALJ gave it substantial weight. (Tr.22). Plaintiff believes, however, "he clearly missed the overall conclusions of that physician which clearly recognize the severity of this lady's problems." (Tr. 22; Pl. Br. 17). Dr. Hudson examined Plaintiff on June 1, 2012. He diagnosed depression and anxiety disorders, noted Plaintiff had a possible personality disorder, and assessed her GAF as 41-50. (Tr. 614). Dr. Hudson explained that his diagnoses were generic and opined Plaintiff "needs specialized help ... there is an interaction between her depression, anxiety, obesity and fibromyalgia that would need the attention of a psychiatrist." (Tr. 612, 614). Although Dr. Hudson referred to Plaintiff's fibromyalgia, he cautioned the comment was based on Plaintiff's self-report of her medical history. (Tr. 611, 614).

Plaintiff's brief mischaracterizes Dr. Hudson's overall conclusions, which firmly stated Plaintiff's mental impairments did not result in workplace limitations. Plaintiff highlights the low GAF score assigned by Dr. Hudson, but the assignment of a low GAF score, by itself, did not establish Plaintiff's ability to work was impaired. *See Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010). The Commissioner has declined to endorse the GAF scale to evaluate disability claims because the scales do not have any direct correlation to the severity requirements in mental disorders listings. *Jones*, 619 F.3d at 974, nt. 4 (citing 65 Fed. Reg. 50746, 50764-65).

8

A GAF score only provides insight into a claimant's overall level of functioning. It is not dispositive of disability and is considered in conjunction with other medical evidence. There was no indication Dr. Hudson assigned a low GAF score because of any particular work impairment. While Dr. Hudson believed Plaintiff needed mental health treatment, he opined that Plaintiff had "no significant limitations in communicative ability ... no significant mental/cognitive limits on basic work-like tasks ... no significant limits on her ability to attend and sustain concentration ... [and] no significant limits on completion of tasks in a timely fashion." (Tr. 614-615).

A review of the record as a whole shows the ALJ's RFC determination was based on substantial evidence. The ALJ addressed Plaintiff's impairments, the medical records and physician opinions, and Plaintiff's own complaints of her limitations. Plaintiff alleged debilitating pain, but the ALJ properly considered and discounted her complaints according to the *Polaski* framework. (Tr. 18-19). Although the ALJ discounted Dr. Brownfield[2], he relied on the mental evaluations by Dr. Hudson and Dr. Nancy Bunting, Dr. Abesie Kelly's mental RFC assessment, Dr. Bill Payne's physical RFC assessment, and Plaintiff's treatment records.

Dr. Hudson and Dr. Nancy Bunting examined Plaintiff and opined that she did not have any mental limitations that would impair her workplace performance. (Tr. 342, 614-615). Dr. Abesie Kelly, a psychiatrist, reviewed Plaintiff's treatment records and opined that Plaintiff had a mood and personality disorder, but "minimal impairment in ADLs or ability to cope ... symptoms are not marked and do not preclude her from engaging in simple routine repetitive

---

[2] The ALJ also discounted the opinion of Dr. Vann Smith, Plaintiff's examining physician, who diagnosed Plaintiff with severe cognitive disabilities and a traumatic brain injury. The ALJ appropriately discounted the opinion because it was internally inconsistent and Dr. Smith did not review Plaintiff's medical history or explain the basis for his conclusions. (Tr. 14-15, 291-297). The ALJ's determination was not challenged by Plaintiff in her brief.

tasks." (Tr. 350). Dr. Bill Payne completed a physical RFC assessment and opined Plaintiff had an RFC of light work. (Tr. 337).

The Court also notes several of Plaintiff's treatment records indicated her pain was acute and caused by injuries from activities, such as knee pain after falling in a stream in November 2009 and back pain after moving furniture in May 2010. (Tr. 257, 609). Further, she alleged a disability onset date of November 2010, but she returned to work in May 2011. (Tr. 37-38, 174). An intention and ability to work show Plaintiff was not disabled. *See Naber v. Shalala,* 22 F.3d 186, 188 (8th Cir. 1994). Finally, Plaintiff's Function Report indicated that she shopped regularly, drove a car, could walk at least 100 yards, and was responsible for taking her children to medical appointments. (Tr. 188-190). These activities are consistent with an ability to work. *See, e.g., Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007) (affirming the denial of disability benefits in part because claimant engaged in extensive daily activities, including taking care of her child, driving a vehicle, shopping for groceries, and visiting family).

Accordingly, the Court finds the ALJ's RFC determination was based on substantial evidence.

**D. Conclusion:**.

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of January 2015

/s/ *Mark Ford*
HON. MARK FORD
UNITED STATES MAGISTRATE JUDGE